Samuels, J.
This cause is brought here by writ of error to a judgment of the Circuit court of Ohio *778 county, whereby the plaintiff was condemned to imprisonment in the penitentiary.
The indictment was for the felonious offence of knowingly uttering and attempting to employ as true a ^se aa<^ forged bank note for the payment of ten dollars, of the Bank of Delaware county at Chester, Pennsylvania, the same being a banking company authorized by the laws of the state of Pennsylvania, with intent to defraud, &c.
The prosecution is under § 3, ch. 193, p. 732, 3 of the Code of 1849. This section so far as it regards bank notes, is enacted against two classes of offences:
1st. The forgery of a note of a banking company, or knowingly uttering and attempting to employ as true, a forged note of a banking company which does exist.
2d. The forgery of a note, or knowingly uttering or attempting to employ as true, a forged note purporting to be the note of a banking company when such company does not exist.
The prosecution in this case was had as against an offence of the first of these classes. A question was made in the Circuit court, and in this court, whether the commonwealth was not required to prove the existence of the banking company by producing the written law of Pennsylvania giving it existence: The Circuit court decided that parol evidence was admissible, and that written evidence was not necessary.
The statute obviously contemplates the' notes of any banking company having existence; but it is in nowise of the essence of the offence that the banking company should have been organized in any particular mode: It is immaterial whether it existed by written charter or not. The allegation that the bank was authorized by law in Pennsylvania is therefore mere surplusage, and need not be proven. The Circuit court correctly decided that parol proof was *779 admissible to prove tbe existence of the banking company.
The plaintiff further alleges that the Circuit court erred in overruling his motion in arrest of judgment. It is said the motion should have been sustained because the indictment does not follow the language of the statute creating the offence. This is a mistake of fact. The indictment substantially sets forth all the facts constituting the offence, the felonious intent, the forged character of the note, the existence of the company, the knowledge of the plaintiff that it was forged, the uttering and attempting to employ it as true, and the intent to defraud are all alleged," and nothing more is required to complete the offence.
It is further alleged that the judgment should have been arrested because the time when the offence is alleged to have been committed is expressed in figures and not in words. This objection was made before this court at its July term 1853, in the case of Lazier v. The Commonwealth, supra 708, and it was there decided that it was not material that dates should be given in words, but that they might be expressed in figures.
I am of opinion the judgment should be affirmed.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.